IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AQUAPAW BRANDS LLC,

Plaintiff,

v.

YAN-PENG, *et al.*

Defendants.

2:21-CV-01784-CCW

## OPINION AND ORDER

Before the Court is Defendant KingworaUS's Motion to Vacate Entry of Default Judgment, ECF No. 69. For the following reasons, the Court will DENY the Motion.

I.    **Background**

On December 8, 2021, Plaintiff Aquapaw Brands, LLC filed its Complaint against thirty-six Defendants, including KingworaUS, alleging infringement on its patented dog soothing device. *See* ECF No. 2 at 1. Aquapaw subsequently filed a motion seeking a temporary restraining order, ECF No. 4, which the Court granted on December 10, 2021, ECF No. 18.

As relevant to the present issue, Aquapaw also filed a motion requesting an order authorizing alternative service. ECF No. 11. Specifically, Aquapaw indicated that Defendants were third-party e-commerce merchants known to use aliases to shield their identities and physical addresses. *Id.* at 8. Given this constraint, Aquapaw asked the Court to exercise its discretion pursuant to Federal Rule of Civil Procedure 4(f)(3) and allow Aquapaw to serve all thirty-six Defendants via e-mail and a notice on a publication website. *Id.* at 16–17. On December 10, 2021, the Court granted the motion and issued an order authorizing alternative service pursuant to Rule 4(f)(3). ECF No. 19.

For the next seven months, no Defendant entered an appearance or otherwise participated in the litigation.  On February 3, 2022, the clerk entered default against all Defendants, including KingworaUS.  ECF No. 40.  Shortly thereafter, Aquapaw filed a motion for entry of default judgment, ECF No. 53, and on July 29, 2022, the Court entered default judgment against all Defendants, ECF No. 63.

Then, on November 4, 2022, KingworaUS filed a Motion to Vacate Entry of Default Judgment, asserting that (1) Aquapaw failed to properly serve KingworaUS such that default judgment should be vacated given the Court's lack of jurisdiction over KingworaUS pursuant to Rule 60(b)(4);  and (2) even if service was proper, its actions constituted excusable neglect such that default judgment should be vacated pursuant to Rule 60(b)(1).  ECF No. 69.

In response, Aquapaw filed a motion to conduct discovery regarding whether there is proper jurisdiction over KingworaUS, ECF No. 74, which the Court granted, ECF No. 75.  After completing jurisdictional discovery, Aquapaw filed its opposition to the present Motion.  ECF No. 76.  KingworaUS filed a reply.  ECF No. 82.  However, in their submissions, the parties discussed proper service of process on a Chinese corporate entity, despite KingworaUS having a Hong Kong address.  ECF No. 69-3 ¶ 5.  The Court ordered the parties to submit supplemental briefing to identify KingworaUS's country of domicile, and if domiciled in Hong Kong, whether service of process was proper for a foreign defendant located in Hong Kong.  ECF No. 83.  Both parties submitted supplemental briefing on this issue, ECF Nos. 84, 85, and the Motion is now ripe for adjudication.

## II.    Legal Standard

Pursuant to Rule 55(c), the court "may set aside a final default judgment under Rule 60(b)." Rule 60(b) sets forth the grounds that allow a court to relieve a party from a final judgment.  *See* Fed. R. Civ. P. 60(b)(1)–(6).  The United States Court of Appeals for the Third Circuit has

"cautioned that relief from a judgment under Rule 60 should be granted only in exceptional circumstances." *Boughner v. Sec'y of HEW*, 572 F.2d 976, 977 (3d Cir. 1978).  A district court generally has broad discretion to vacate a default judgment. *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 244 (3d Cir. 1951).

## III.    Discussion

KingworaUS asks the Court to vacate default judgment on two grounds:  for either lack of jurisdiction pursuant to Rule 60(b)(4) or for excusable neglect pursuant to Rule 60(b)(1).

### A.    Because Service of Process Was Proper, The Court Will Not Vacate The Default Judgment Pursuant to Rule 60(b)(4)

KingworaUS first argues that the Court did not have jurisdiction over it because service was not proper under Rule 4(f)(3), such that the default judgment should be vacated pursuant to Rule 60(b)(4).  For the following reasons, the Court finds that service of process was proper under Rule 4(f)(3) and, therefore, will not vacate the default judgment pursuant to Rule 60(b)(4).

When serving a foreign corporate entity outside the United States, Rule 4(h)(2) instructs the plaintiff to serve "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  Rule 4(f) sets forth the available means of foreign service as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . .

> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Here, the Court authorized alternative service pursuant to Rule 4(f)(3).  It is well-established that Rule 4(f)(3) is "neither a last resort nor extraordinary relief . . . . it is merely one means among several which enables service of process on an international defendant." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (internal quotation marks omitted);  *see also Crockett v. Luitpold Pharms., Inc.*, No. CV 19-276, 2020 WL 4039046, at \*2 (E.D. Pa. July 17, 2020).  A court may order alternative service so long as such means (i) are "not prohibited by international agreement," Fed. R. Civ. P. 4(f)(3);  and (ii) comport with due process requirements providing "notice reasonably calculated . . . to apprise interested parties of the pendency of the action," *Marks Law Offices, LLC v. Mireskandari*, 704 F. App'x 171, 177 (3d Cir. 2017) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

The Court will first address whether service of process via email was prohibited by an international agreement—namely, the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention"), 20 U.S.T. 361.  Notably, the Hague Service Convention neither expressly prohibits nor authorizes service by email.  *See generally* 20 U.S.T. 361.  KingworaUS argues that the Hague Service Convention's silence is dispositive because it "prohibits all [means of service] which are not enumerated."  ECF No. 69 at 7.  Examining its text, the Hague Service Convention generally requires signatories to send judicial documents through the Central Authority of the State.  20 U.S.T. 361, Art. 1–6.  Article 10, however, provides exceptions to this general rule and permits sending judicial documents directly to persons abroad through postal channels, provided that the receiving country has not objected to Article 10.  *Id.*, Art. 10;  *see also Water Splash, Inc. v. Menon*, 581 U.S. 271, 279 n.3 (2017) ("Article 10(a) . . .is the only provision in the Convention that specifically contemplates direct service, without the use of an intermediary.").  Neither the United States Supreme Court nor the

Third Circuit has decided whether service of process via email is permissible under the Hague Service Convention, and district courts have reached divergent decisions in this area. *See Genus Lifesciences Inc. v. Tapaysa Eng'g Works Pvt. Ltd.*, No. 20-CV-3865, 2021 WL 915662, at *3–4 (E.D. Pa. Mar. 10, 2021) (collecting cases). Here, KingworaUS is domiciled in Hong Kong, which is a signatory to the Hague Service Convention and has not objected to Article 10(a). The Court finds persuasive decisions that have held that service by email is appropriate and not prohibited by the Hague Service Convention, especially in light of the fact that the signatory nation at issue, Hong Kong, has not objected to Article 10(a). *See Vaswani v. Manjunathamurthy*, 2:20-cv-20288-KSH-CLW, 2021 WL 1541071, at *4 (D.N.J. Apr. 19, 2021); *BC Media, Inc. v. Chawla*, 2:20-CV-01692-CCW, 2021 WL 1720780, at *2 (W.D. Pa. Apr. 30, 2021) (Wiegand, J.); *cf. Elobied v. Baylock*, 299 F.R.D. 105, 108 (E.D. Pa. 2014) (holding that an objection to Article 10 is dispositive); *Habas Sinai Ve Tibbi Gazlar Istihsal A.S. v. Int'l Tech. & Knowledge Co.*, No. 19-608, 2019 WL 7049504, at *3 (W.D. Pa. Dec. 23, 2019) (Dodge, M.J.) (finding same).

Turning to whether service of process via email comports with due process requirements, the Court finds that it does. Other courts have held "[w]ithout hesitation" that email comports with due process as an alternative method of service of process under Rule 4(f)(3). *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016–17 (9th Cir. 2002); *see also Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC*, No. 2:13-CV-458, 2013 WL 1644808, at *2 (W.D. Pa. Apr. 16, 2013) (Hornak, C.J.) ("[A]lternative service via email in this instance comports with constitutional notions of due process because the method of service in this case provides, 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" (quoting *Mullane Cent. Hanover Bank & Tr. Co.*, 339 U.S. at 314)). Here, Aquapaw asserted patent infringement claims against

5

off-shore e-commerce merchants.  In support of its motion for alternative service, Aquapaw had noted that these types of defendants are unlikely to provide a legitimate physical address when creating their accounts.  ECF No. 12 ¶ 3.  This stems from the fact that when providing an email address to a third-party online marketplace, such as Amazon, AliExpress, or eBay, a merchant must verify the email address when registering its account, but no such verification process is required for a physical address.  *Id.* ¶ 4.  In addition, there are ways Aquapaw can verify through the online marketplace that an email was successfully delivered to a merchant.  *Id.* ¶¶ 5, 7, 9.  Indeed, upon conducting jurisdictional discovery, Aquapaw uncovered evidence that KingworaUS received eight emails about this litigation and deliberately moved them to its spam folder.  *See* ECF No. 82 at 4–5 (admitting that emails were moved from the inbox to the spam folder).  In addition, KingworaUS was informed directly through Amazon about this action.  For these reasons, the Court finds that service of process via email does comport with due process because it is reasonably calculated to provide notice and afford litigants the opportunity to present their objections.

Accordingly, because the Court finds that service of process via email was proper pursuant to Rule 4(f)(3), the Court will not vacate the default judgment under Rule 60(b)(4).

**B.    Because KingworaUS's Neglect in Failing to Appear Was Not Excusable, The Court Will Not Vacate The Default Judgment Pursuant to Rule 60(b)(1)**

KingworaUS requests that the default judgment be vacated pursuant to Rule 60(b)(1) because KingworaUS's failure to appear was "excusable neglect."  In the Third Circuit, "[t]he test for 'excusable neglect' is equitable," requiring courts to consider the "'totality of the circumstances.'"  *Nara v. Frank*, 488 F.3d 187, 193 (3d Cir. 2007) (quoting *Welch & Forbes, Inc. v. Cendant Corp.*, 234 F.3d 166, 171 (3d Cir. 2000)).  Specifically, as it pertains to default judgments, courts examine the following factors:  "(1) whether the plaintiff will be prejudiced; (2)

6

whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). Aquapaw concedes that the first factor—whether the plaintiff will be prejudiced—is neutral in this instance. Even assuming that this factor favors KingworaUS, the remaining two factors still favor denying the motion to vacate the default judgment.

The second factor—whether a defendant has a meritorious defense—is "[t]he threshold issue in opening a default judgment." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). A defendant is held to a more stringent standard than merely alleging a defense; rather, a defendant must "set forth with some specificity the grounds for his defense." *Nationwide Mut. Ins. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006) (quoting *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988)). "To satisfy this element, the defendants' answer and pleadings must contain specific facts that would allow them to advance a complete defense." *Momah v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 307 (E.D. Pa. 1995). The Court determines whether the defendant has provided a complete defense by examining the proposed answer attached to the motion to vacate default judgment. *See, e.g.*, *Tozer*, 189 F.2d at 244; *Hritz*, 732 F.2d at 1181. A failure to attach a proposed answer, however, can impact the court's ability to assess a defendant's defense. *Marks L. Offs., LLC v. Mireskandari*, 704 F. App'x 171, 177 (3d Cir. 2017).

KingworaUS has not attached a proposed answer setting forth its defenses. That said, in its brief, KingworaUS claims it has a meritorious defense "due to [Aquapaw's] failure to mark their patented produce [*sic*]." ECF No. 69 at 12. Pursuant to 35 U.S.C. § 287, to succeed on a patent infringement claim, a patentee must provide either constructive notice by marking the product itself or actual notice by some affirmative act that informs the defendant of the

infringement, such as filing a lawsuit. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). "The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer." *Id.* Here, KingworaUS was on actual notice, given that the filing of the lawsuit constitutes such an affirmative act. 35 U.S.C § 287(a). Moreover, KingworaUS concedes that it sold the product at issue after the lawsuit was filed, albeit only a small number. Only a complete defense to a plaintiff's claims will constitute a meritorious defense to vacate a default judgment, *see Momah*, 161 F.R.D. at 307, and KingworaUS has not provided one.[1]

The last factor is whether the default occurred because of the defendant's culpable conduct. A defendant's conduct is culpable when done willfully or in bad faith. *Hritz*, 732 F.2d at 1182. "Willfulness or bad faith means more than mere negligence," but this standard does not require "knowing disregard" as evidence of reckless disregard will suffice. *Mrs. Ressler's Food Prod. v. KZY Logistics LLC*, 675 F. App'x 136, 142 (3d Cir. 2017) (cleaned up); *Nationwide Mut. Ins.*, 175 F. App'x at 523. KingworaUS claims that it did not act willfully or in bad faith because "the service of process email was sent to the junk inbox of the Store's email." ECF No. 69 at 16. However, there is evidence that KingworaUS acted willfully in disregarding communications related to this action. First, while conducting jurisdictional discovery, Aquapaw located a service of process email that KingworaUS received in another patent infringement case that contained the notification "Why is this message in the spam? You reported this message as spam from your inbox." ECF No. 76 at 21. This notification indicates that KingworaUS purposely moved service

---

[1] Although KingworaUS disputes the damages award, when coupled with an incomplete defense, disputes over the accounting of damages cannot justify vacating a default judgment. *Nifty Home Products, Inc. v. Ladynana*, No. 22-cv-00994, ECF No. 93 at 7 (W.D. Pa. Mar. 14, 2023) (Schwab, J.) (collecting cases); *cf. Atlas Commc'ns, Ltd. v. Waddill*, No. CIV. A. 97-1373, 1997 WL 700492, at *3 (E.D. Pa. Oct. 31, 1997) (to vacate a default judgment, the Third Circuit requires a complete defense).

of process emails from its inbox to the spam folder.  Second, KingworaUS's declarant, Haiquan Feng, averred that he had first located the service of process email for this case in the spam folder in September of 2022, ECF No. 69-3 ¶ 8, but while conducting jurisdictional discovery, Aquapaw verified with Mr. Haiquan that his account settings automatically deleted messages in the spam folder after 30 days, ECF No. 76 at 22.  This timeline suggests that the email was not "sent to the junk inbox of the Store's email," as represented to the Court, but rather, was moved there.  In response, KingworaUS states that, if emails were moved to the spam folder, it was inadvertent and merely negligent.  However, a total of eight emails were sent to KingworaUS, regarding the judicial proceedings in the present case.  The Third Circuit has held that it is not an abuse of discretion to enter a default judgment against a defendant "who has callously disregarded repeated notices of a judicial proceeding." *Hritz*, 732 F.2d at 1184;  *see, e.g.*, *Nationwide Mut. Ins.*, 175 F. App'x at 523 (ignoring repeated communications regarding a pending lawsuit constitutes reckless disregard).  Thus, the Court finds that this meets the standard for culpable conduct.

Accordingly, because KingworaUS's failure to respond was not excusable neglect, the Court will not vacate the default judgment pursuant to Rule 60(b)(1).

## IV.    Conclusion

For the foregoing reasons, KingworaUS's Motion to Vacate the Default Judgment is DENIED.

DATED this 18th day of May, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND

9

United States District Judge

cc (via ECF email notification):

All Counsel of Record